IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES LAMM,                                06-CV-3059-BR

        Plaintiff,                       OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.

PHILLIP W. STUDENBERG
200 Pine Street
Klamath Falls, OR 97601
(541) 882-1426

        Attorney for Plaintiff

KARIN IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

1 - OPINION AND ORDER

**MICHAEL McGAUGHRAN**
Office of the General Counsel
**L. JAMALA EDWARDS**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

   Attorneys for Defendant

**BROWN, Judge.**

  Plaintiff James Lamm seeks judicial review of a final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

  This Court has jurisdiction under 42 U.S.C. § 405(g) and 1383.  Following a review of the record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

  Lamm applied for DIB in August 2003.  Tr. 12, 53-55.  He alleges a disability onset date of October 15, 2002.  Tr. 12, 99.  His application was denied initially and on reconsideration.  Tr. 12, 36-41.

  An Administrative Law Judge (ALJ) held a hearing on August 3, 2005, at which Lamm and Vocational Expert (VE) C. Kay Wise testified.  Tr. 12, 496-517.  Lamm was represented by an attorney.  Tr. 496.  On April 24, 2006, the ALJ issued a decision

in which he found Lamm was not disabled and, therefore, is not entitled to DIB. Tr. 12-22. That decision became the Commissioner's final decision on June 19, 2006, when the Appeals Council denied Lamm's request for review. Tr. 5-7.

## BACKGROUND

Born on July 3, 1950, Lamm was 55 years old at the time of the hearing. Tr. 15. He has a high-school education with some college. Tr. 15. Lamm has a history of post-traumatic stress disorder (PTSD) since returning from military service in Vietnam. Tr. 15, 92, 213, 216. The ALJ also noted Lamm's other limitations included an affective disorder, a personality disorder not otherwise specified with antisocial and passive-aggressive features, polysubstance abuse over a number of years that was in remission at the time of the hearing, and left-knee post-traumatic osteoarthritis. Tr. 15.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted

or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld even if the "evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40. The court may not substitute its judgment for that of the Commissioner. *Batson,* 359 F.3d at 1193.

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  *See also* 20 C.F.R. §§ 404.1520(a).  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Yuckert*, 482 U.S. at 140.  *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any "medically severe impairment or combination of impairments."  *Yuckert*, 482 U.S. at 140-41.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  *Yuckert*, 482 U.S. at 140-41.  *See also* 20 C.F.R. § 404.1520(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments).

If the Commissioner proceeds beyond Step Three, he must determine the claimant's residual functional capacity (RFC), which is an assessment of the sustained, work-related activities that the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work that he has done in the past.  *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Yuckert*, 482 U.S. at 141-42.  *See also* 20 C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Yuckert*, 482 U.S. at 141-42.  *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Lamm has not engaged in substantial gainful activity since the onset of his alleged disability.  Tr. 15.

At Step Two, the ALJ found Lamm's affective disorder, PTSD, personality disorder with antisocial and passive-aggressive features, and left-knee post-traumatic osteoarthritis were severe.  Tr. 15.

At Step Three, the ALJ found Lamm's impairments do not meet or equal a listing either singly or in combination.  Tr. 16-17.

At Step Four, the ALJ found Lamm retains the RFC to perform work up to medium exertion with the ability to lift and/or to carry 25 pounds occasionally and 50 pounds frequently and to kneel occasionally.  Tr. 17.  The ALJ, therefore, determined Lamm retained the capacity to return to past relevant work as an irrigation driver, railway dispatcher, and/or an industrial painter.  Tr. 20.

Accordingly, the ALJ did not reach Step 5 because he determined at Step 4 that Lamm is not disabled and, therefore, is not entitled to DIB.  Tr. 21-22.

## DISCUSSION

Lamm contends ALJ erred when he improperly disregarded an October 30, 2002, Department of Veterans Affairs (VA)

7 - OPINION AND ORDER

determination that Lamm's PTSD rendered him 100% disabled as of May 5, 1999.  Tr. 91-97.

I.  **VA Determinations and Social Security Disability Determinations Generally.**

A Social Security disability determination is similar to a VA disability determination in that both are made by federal agencies that provide benefits to those who cannot work due to disability.  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).  Although a VA disability determination can translate into a Social Security disability determination, it is not automatic.  *Id.*

An ALJ ordinarily must give "great weight" to a VA determination of disability.  An ALJ, however, is not compelled to reach an identical result.  *Id.  See also* 20 C.F.R. § 404.1504 ("A decision by any . . . other governmental agency about whether you are disabled . . . is based on its rules and is not our decision . . . .  We must make a . . . determination based on social security law.  Therefore, a determination made by another agency . . . is not binding on us.").  If the ALJ gives less than "great weight" to a VA disability determination, he must provide "persuasive, specific, valid reasons for doing so that are supported by the record."  *Id.*

II.  **VA's Determination.**

On October 30, 2002, the VA determined Lamm's PTSD was "100 percent disabling from May 5, 1999, the date of receipt of your

8 - OPINION AND ORDER

claim." Tr. 92. This conclusion was based on VA treatment reports and an examination on October 10, 2002. Tr. 92. The VA noted "[a]n evaluation of 100 percent is assigned whenever there is evidence of total occupational and social impairment." Tr. 93. The VA also found "there is a likelihood of improvement, [and, therefore,] the assigned evaluation is not considered permanent and is subject to a future review examination." Tr. 93.

The VA found in the years leading up to October 2003, Lamm was treated for PTSD with medication and received treatment in a residential support unit together with outpatient and inpatient treatment. Tr. 92. The VA reported Lamm's global assessment functioning (GAF) scores ranged from 30 to 39 in 1999 and 30 to 35 in 2001.[1] Tr. 92. On April 30, 2001, the VA noted a "doctor [who is not specifically identified in the record] feels it would not be wise or even healthy for you to immediately return to work, and given the severity of your symptoms, this might not ever change." Tr. 92.

**III. ALJ's Decision.**

The ALJ did not adopt the VA's disability determination and accorded it either "no weight" or "little weight." Tr. 18-19.

---

[1] The GAF scale is a means of reporting the clinician's judgment of the individual's overall level of functioning on a scale of 1 to 100. *Diagnostic and Statistical Manual of Mental Disorders* (*DSM-IV*) 30-32 (4th ed. 1994).

9 - OPINION AND ORDER

The ALJ concluded the VA's disability determination was inconsistent "internally" and with the record as a whole, and, moreover, that the record did not contain sufficient medical evidence to support a determination that Lamm was disabled within the meaning of Social Security regulations.  Tr. 18-19.  For example, the ALJ found it inconsistent that even though a VA psychiatric source evaluated Lamm as "highly employable" in March 2001, the VA adopted a doctor's statement in April 2001 that cautioned against Lamm returning to work because of his PTSD symptoms and that "this might not ever change."  Tr. 18, 92, 257.  David Donnelly, Ph.D., examined Lamm in October 2002 and noted, among other things, that Lamm's profile based on diagnostic testing was "not a typical PTSD profile."  Tr. 18, 279.  Moreover, even though Lamm was diagnosed with "some real impairment in social and occupational functioning," Dr. Donnelly assessed Lamm with a GAF score of 55, which is well above the scores of 30 to 39 assigned by the VA.  Tr. 18, 92, 280.

The ALJ also found an October 24, 2003, evaluation of Lamm by Gregory A. Cole, Ph.D., was inconsistent with the VA's disability determination.  Tr. 18.  Dr. Cole concluded Lamm could work in an environment of low stress that was generally isolated from interaction with the public.  Tr. 18, 289.  Moreover, Dr. Cole opined "[f]rom the results of the current evaluation, it cannot be indicated that [Lamm] could not work at all in some

10 - OPINION AND ORDER

capacity" consistent with his limitations. Tr. 18, 289. In light of Dr. Cole's evaluation, the ALJ stated

> it is difficult to comprehend how [Lamm's] continued improvement in VA records coupled with his nominal diagnostic symptoms and very modest global assessment of functioning score by a VA psychiatrist logically equate to a "total occupational impairment."

Tr. 18. The ALJ also noted discrepancies in the VA's assessment of Lamm's work history. The VA concluded Lamm had trouble holding a job and had last worked in January 1999. Tr. 92. The ALJ pointed out, however, that records indicate Lamm was working until 2002. Tr. 18, 48-52.

The ALJ further concluded the record does not support a rating of 100 percent "social impairment" as the VA found. Tr. 19, 93. Lamm underwent treatment in 1999, 2000, and 2001 for substance abuse and/or PTSD. Tr. 19, 201-02, 339. VA medical professionals who treated Lamm, however, generally reported he was cooperative, pleasant, and interacted appropriately even though he was defensive when asked about PTSD. Tr. 396, 414, 440, 442, 445. Thus, the ALJ concluded the record did not support the VA's conclusion that Lamm was 100 percent socially impaired. Tr. 19, 93. In addition, the ALJ found, "[g]iven the mixed findings in support of [Lamm's] claims throughout the VA records as discussed, there is not enough consistent evidence to make his allegations believable." Tr. 19.

The ALJ acknowledged the Ninth Circuit's ruling in *McCartey*

11 - OPINION AND ORDER

and its holding that an ALJ ordinarily must give "great weight" to a VA determination of disability.  Tr. 19.  After reviewing the record as a whole, however, the ALJ concluded "in light of the VA's overall inconsistency with the record before this Judge and in the absence of findings to support Social Security determination, the undersigned gives little weight to the VA rating decision" of 100 percent disability.  Tr. 19.

As noted, the *McCartey* court held a VE determination of disability is not necessarily dispositive as to whether a claimant is entitled to Social Security benefits.  *See McCartey*, 298 F.3d at 1076.  *See also* 20 C.F.R. § 404.1504 ("[A] determination made by another agency . . . is not binding on" the Commissioner.).  Although the ALJ here gave little weight to the VA disability determination, he provided persuasive, specific, and valid reasons supported by the record for doing so.  *See* Tr. 17-20.  Thus, this is not a case in which the ALJ merely disregarded the VA disability determination and, as a result, should be reversed as a matter of law.  *See id.  See also Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006)(pursuant to *McCartey,* an ALJ's failure to address a VA disability rating presents a "pure question of law.").

Accordingly, the Court concludes the ALJ did not err when he gave little or no weight to the VA's determination that Lamm was disabled because the ALJ provided legally sufficient reasons

12 - OPINION AND ORDER

supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 29th day of June, 2007.


/s/ Anna J. Brown
_____
ANNA BROWN
United States District Judge

13 - OPINION AND ORDER